IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DANNY CONWAY, #158-920          *
            Plaintiff
                               *
      v.                              CIVIL ACTION NO. RDB-11-2973
                               *
S.A. WILSON, et al.,
            Defendants         *
                           ******

## MEMORANDUM OPINION

The Court is in receipt of Plaintiff's complaint, filed pursuant to 42 U.S.C. § 1983, wherein he states that his property was improperly destroyed by prison officials in violation of prison rules and regulations. ECF. No. 1. Plaintiff seeks leave to proceed in forma pauperis which shall be granted.

In the case of lost, stolen, or destroyed property, sufficient due process is afforded to a prisoner if he has access to an adequate post-deprivation remedy. *See Parratt v. Taylor*, 451 U. S. 527, 542-44 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U. S. 327 (1986). The right to seek damages and injunctive relief in Maryland courts constitutes an adequate post-deprivation remedy.[1] *See Juncker v. Tinney*, 549 F. Supp. 574, 579 (D. Md. 1982).[2]

Moreover, Plaintiff's contention that Defendants violated their own procedural guidelines regarding the destruction of his property does not state an independent federal claim. *See Sandin v. Conner*, 515 U.S. 472, 478-87 (1995).

-----

[1] Plaintiff may avail himself of remedies under the Maryland's Tort Claims Act and through the Inmate Grievance Office.

[2] Although *Juncker* dealt with personal injury rather than property loss, its analysis and conclusion that sufficient due process is afforded through post-deprivation remedies available in the Maryland courts also applies to cases of lost or stolen property, given *Juncker's* reliance on

Thus, the complaint presented here shall be dismissed under the provisions of 28 U.S.C. § 1915(e). *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996); *Nasim v. Warden*, 64 F.3d 951, 955 (4th Cir. 1995). Plaintiff is hereby notified that he may be barred from filing future suits in forma pauperis if he continues to file federal civil rights actions that are subject to dismissal for failure to state a claim on which relief may be granted under §1915(e) or under F.R.Civ.P. 12(b)(6).

A separate Order follows.

October 31, 2011
Date

RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

---

*Parratt* in dismissing plaintiff's due process claim.